UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff(s),

v.

SHEILA WASHINGTON, et al.,

    Defendant(s).

Case No.: 2:18-cv-00513-JCM-NJK

**Order**

[Docket Nos. 19, 23-25]

Pending before the Court are Plaintiff's motions to extend the time to serve Defendants Washington and Fears, and to serve them by publication. Docket Nos. 19, 23-25. The Court held a hearing on the motions. Docket No. 27. For the reasons discussed more fully below, the motions to extend time are both **GRANTED** and the motions to serve by publication are both **DENIED**.

## I.    MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Ms. Washington and Ms. Fears by 90 days from the issuance of this order.

## II.    MOTION FOR SERVICE BY PUBLICATION

Plaintiff also seeks an order allowing it to serve Ms. Washington and Ms. Fears by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*,

787 P.2d 785, 787 (Nev. 1990).  As a result, service by publication is generally disfavored.  *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made.  *See, e.g.*, Fed. R. Civ. P. 4(e)(1).  Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants.  Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons."  Nev. R. Civ. P. 4(e)(1).  There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members.  *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

    A.    <u>Ms. Washington</u>

In this case, the motions fall far short of establishing sufficient diligence to permit service by publication.  With respect to Ms. Washington, Plaintiff filed a bare bones motion representing that personal service had been attempted several times at two separate locations.  Docket No. 23 at 2.  The motion also represents that Ms. Washington had contacted Plaintiff's process server "by text and informed that [sic] she is not able to accept service as she is not at home.  She did not provide any further information as to her whereabouts."  *Id.* at 2.  The motion itself provides no further details as to the circumstances of Plaintiff's purported inability to serve Ms. Washington.

Buried in the exhibits to the motion, however, the process server noted that Plaintiff's text explained further that "**<u>she has not been home as she is caring for her terminally ill brother who is dying of cancer</u>**."  Docket No. 23-4 at 2 (emphasis added).  At the hearing, Plaintiff's counsel did not provide a basis on which to disbelieve Ms. Washington's representation.  *See* Hearing Rec. (6/20/2018) at 10:05 a.m.  Moreover, Plaintiff's counsel indicated that he had direct

2

conversations with Ms. Washington (omitted from the motion papers) but that he did not inquire into her current whereabouts so that process could be effectuated on her. Hearing Rec. (6/20/2018) at 10:04 a.m., 10:13 a.m.

These are simply not circumstances demonstrating that sufficient diligence has been undertaken to serve Ms. Washington by ordinary means such that service by publication is proper. Accordingly, the motion to serve Ms. Washington by publication will be denied.

B. Ms. Fears

Plaintiff also seeks to serve Ms. Fears by publication. *See* Docket No. 25. As with Ms. Washington, Plaintiff attests to attempting personal service on Ms. Fears on several occasions at multiple locations. *See id.* at 2. The record makes clear that Ms. Fears and Ms. Washington are currently joint title-holders of the subject property and, obviously, know one another. *See* Docket No. 1-5 (grant deed from Ms. Washington to Ms. Washington and Ms. Fears as joint tenants). Nonetheless, no inquiry was made to Ms. Washington as to the whereabouts of Ms. Fears. *See* Hearing Rec. (6/20/2018) at 10:15 a.m. Having failed to mine an obvious source of potential information through which to potentially effectuate service on Ms. Fears, the Court concludes that sufficient diligence has not been shown such that service by publication is proper. *Cf. Gorham v. Stephens*, 2014 U.S. Dist. Lexis 79508, at *3 (D. Nev. June 10, 2014) ("Plaintiff fails to show that she made simple additional efforts to locate Defendant, such as inquiring with his stepmother as to his current residence"); *Universal N. Am. Ins. Co. v. Hilts*, 2013 U.S. Dist. Lexis 176746, at *8 (D. Nev. Dec. 17, 2013) ("there is no indication that Plaintiffs have consulted with any of Ms. Hilts' family members or her ex-husband and co-defendant, Mr. Hilts, about when and where it may be able to locate her").

Accordingly, the motion to serve Ms. Fears by publication will be denied.

**III. NOTICE TO COUNSEL**

Attorneys owe the Court a duty of candor. The instant motion raises serious concerns regarding attorney J. Stephen Dolembo. Most obviously, Mr. Dolembo omitted from his motion facts that were obviously material to the Court's decision, including most troublingly the fact that Ms. Washington had asserted she was unavailable to accept service because she was caring for her

3

terminally ill brother.  Instead, that information was included only in an exhibit attached to the motion.  Mr. Dolembo also omitted from his motion entirely the fact that he had personally been communicating with Ms. Washington, a fact that was only revealed when counsel was questioned by the Court at the hearing on this motion.  While it declines to impose sanctions at this time, these were serious shortcomings by Mr. Dolembo and the Court expects better moving forward.

**IV.    CONCLUSION**

For the reasons discussed above, the motions to extend time are both **GRANTED** and the motions to serve by publication are both **DENIED**.  In particular, the time for effectuating service on Ms. Washington and Ms. Fears is **EXTENDED** by 90 days from the issuance of this order.  Plaintiff is not permitted to serve either Ms. Washington or Ms. Fears by publication at this time and, instead, shall continue to engage in traditional service methods.

IT IS SO ORDERED.

Dated: September 6, 2018

_____
Nancy J. Koppe
United States Magistrate Judge